UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA-SOUTHERN DIVISION

| | |
|---|---|
| MAX OWEN YOUNG, <br>         Plaintiff, <br>    v. <br> CAROLYN W. COLVIN, <br> Acting Commissioner of the <br> Social Security Administration, <br>         Defendant. | Case No. SA CV 15-00726-AS <br><br> **MEMORANDUM OPINION AND** <br><br> **ORDER OF REMAND** |

Pursuant to Sentence 4 of 42 U.S.C. § 405(g), IT IS HEREBY ORDERED that this matter is remanded for further administrative action consistent with this Opinion.

**PROCEEDINGS**

On May 6, 2015, Plaintiff filed a Complaint seeking review of the denial of his application for Disability Insurance Benefits. (Docket Entry No. 1). The parties have consented to proceed before the undersigned United States Magistrate Judge. (Docket Entry Nos. 9, 11). On September 11, 2015, Defendant filed an Answer along with the

Administrative Record ("AR"). (Docket Entry Nos. 15-16). The parties filed a Joint Position Statement ("Joint Stip.") on December 3, 2015, setting forth their respective positions regarding Plaintiff's claims. (Docket Entry No. 17).

The Court has taken this matter under submission without oral argument. See C.D. Cal. L.R. 7-15; "Order Re: Procedures In Social Security Case," filed May 12, 2015 (Docket Entry No. 7).

**BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION**

On January 23, 2013, Plaintiff, formerly employed as a operating engineer in the medical industry, an electrical maintenance mechanic in the food industry, a college adjunct professor, a field engineer in the oil industry and a programmable logic control technician in the food industry (see AR 45-47, 212-17), filed an application for Supplemental Disability Insurance Benefits, alleging an inability to work because of his disabling condition since November 25, 2012. (AR 172-73). On September 17, 2014, the Administrative Law Judge ("ALJ"), Helen E. Hesse, heard testimony from Plaintiff, medical expert Kenneth Layton, and vocational expert Ronald Hatakeyama. (See AR 41-73). On December 5, 2014, the ALJ issued a decision denying Plaintiff's application. (See AR 17-33).

After determining that Plaintiff had severe impairments -- "degenerative disc disease of the cervical spine; degenerative disc disease of the lumbar spine; bilateral carpal tunnel syndrome; fecal incontinence/leakage; major depressive disorder; and anxiety disorder, not otherwise specified/post-traumatic stress disorder (PTSD)" (AR 19-

20)[1] --, the ALJ found that Plaintiff had the residual functional capacity ("RFC")[2] to perform light work[3] with the following limitations: sitting 6 hours out of an 8-hour day; standing or walking 6 hours out of an 8-hour day with normal breaks; must have a restroom within 50 yards of his work site; lifting and carrying 20 pounds occasionally and 10 pounds frequently; can perform frequent gross and fine manipulation bilaterally; precluded from jobs requiring hyper-vigilance; should not be in charge of safety operations of others; can have brief superficial contacts with co-workers, supervisors and the public; and precluded from intense interpersonal interactions such as taking complaints or encounters similar to those experienced by law enforcement or emergency personnel. (AR 24-32). After finding that Plaintiff was unable to perform any past relevant work (AR 35-32), the ALJ found that jobs existed in significant numbers in the national economy that Plaintiff could perform, and therefore found that Plaintiff was not disabled within the meaning of the Social Security Act. (AR 32-33).

Plaintiff requested that the Appeals Council review the ALJ's decision. (AR 12). The request was denied on March 10, 2015. (AR 1-

---

[1] The ALJ found that Plaintiff's rib fractures, right wrist fracture, right arm regional complex pain syndrome, hypertension, obstructive sleep apnea-hypoapnea, and sinusitis were non-severe impairments. (See AR 19-20).

[2] A Residual Functional Capacity is what a claimant can still do despite existing exertional and nonexertional limitations. See 20 C.F.R. § 404.1545(a)(1).

[3] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. § 404.1567(b).

4). The ALJ's decision then became the final decision of the Commissioner, allowing this Court to review the decision. See 42 U.S.C. §§ 405(g), 1383(c).

**PLAINTIFF'S CONTENTIONS**

Plaintiff alleges that the ALJ erred in failing to: (1) properly reject the mental function limitations assessed by Plaintiff's treating psychologist (Dr. Messinides), examining psychologist (Dr. Cleary), and examining psychiatrist (Dr. Aguilar); (2) properly reject the physical function limitations assessed by Plaintiff's examining physiatrist, Dr. Cragg; and (3) adequately consider the disability determination made by the Department of Veteran's Affairs. (See Joint Stip. at 6-21, 26-29, 31-32).

**DISCUSSION**

After consideration of the record as a whole, the Court finds that Plaintiff's third claim of error warrants a remand for further consideration. Since the Court is remanding the matter based in Plaintiff's third claim of error, the Court will not address Plaintiff's first and second claims of error.

**A.  The ALJ Failed to Adequately Consider the Disability Determination by the Department of Veteran's Affairs**

Plaintiff asserts that the ALJ erred in failing to give "great weight" to the disability determination of the Department of Veteran's

Affairs ("VA").  (See Joint Stip. at 6, 31-32).  Defendant asserts that the ALJ properly gave little weight to the VA's disability determination.  (See Joint Stip. at 32-34).

On November 5, 2012 (approximately three weeks prior to the alleged onset date of disability), Plaintiff received, inter alia, a 100 percent disability evaluation for his post-traumatic stress disorder with major depressive disorder and panic disorder with agoraphobia and alcohol abuse, episodic, under the rubric of the VA.  (See AR 162-63).

The ALJ addressed the VA's disability determination as follows:

> The file also contains a rating decision from the Department of Veterans Affairs (VA) dated November 5, 2012. Based on the information received by the VA prior to the date of this decision letter, the claimant was given a 100 percent disability evaluation for his impairments, specifically his PTSD (Exhibit 1D/3).  The VA disability rating system, while a federal disability program, operates under different regulations, rules and procedures. A primary consideration is the connection between the impairments alleged and the individuals' past military service. In addition, percentages are given to show the level of disability for single impairments as well as combinations of impairments.  The Social Security disability system operates under different regulations, rules and procedures.  It also does not give severity percentages, but it examines the whole individual for all impairments no matter their source to determine an

>individuals' maximum residual functional capacity.  No such effort or explanation is made in the VA decision letter. Furthermore, the VA decision letter includes a reference to a GAF score of 30 (see Exhibit 1D/3).  That GAF score is not repeated in the file as of the alleged onset date. Additionally, that score represents symptoms that would require immediate action to institutionalize the claimant because of mental impairments so severe he could not function appropriately in society, which is what that score represents. As such, the score cited and the lack of a psychiatric hospitalization are not medically consistent.  Therefore, the undersigned notes the presence of the VA decision letter, but finds the conclusions reached and the rationale given unpersuasive and not relevant to the current disability case under a completely different set of regulations, rules and procedures.

(AR 29-30).

"[I]n an [Social Security Disability] case an ALJ must ordinarily give great weight to a VA determination of disability." McCartey v. Massanari, 298 F.3d 1072, 1076 (9th Cir. 2002)("Both programs serve the same governmental purpose--providing benefits to those unable to work because of a serious disability.  Both programs evaluate a claimant's ability to perform full-time work in the national economy on a sustained and continuing basis; both focus on analyzing a clamant's functional limitations; and both require claimants to present extensive medical documentation in support of their claims. . . .  Both programs have a

detailed regulatory scheme that promotes consistency in adjudication of claims. Both are administered by the federal government, and they share a common incentive to weed out meritless claims. The VA criteria for evaluating disability and translate easily into SSA's disability framework. Because the VA and SSA criteria for determining disability are not identical, however, the ALJ may give less weight to a VA disability rating if he gives persuasive, specific, valid reasons for doing so that are supported by the record." Id. (Internal citations omitted).

Here, the ALJ's reasons for giving the VA's disability determination little weight, specifically, (1) the criteria for determining disability under the VA program and the Social Security Act are different, (2) the percentage of disability is not indicative of any specific limitations on Plaintiff's abilities to perform work-related activity, and (3) the VA, in the section discussing its disability determination, assigned Plaintiff a Global Assessment of Functioning ("GAF") score of 30,[4] which is a GAF score not found in any records as of the November 25, 2012 onset date of disability, and a GAF score that would have required psychiatric hospitalization (but there are no records showing such hospitalization), were improper.

---

[4] A GAF score of 21 to 30 indicates "[b]ehavior . . . considerably influenced by delusions or hallucination OR serious impairment in communication or judgment (e.g., sometimes incoherent, acts grossly inappropriately, suicidal preoccupation) OR inability to function in almost all areas (e.g., stays in bed all day; no job, home, or friends)." See Diagnostic and Statistical Manual of Mental Disorders, Fourth Edition, Text Revision ("DSM-IV-TR"), 34 (2000).

As set forth above, the ALJ was required to "give great weight to a VA determination of disability," Massanari, 298 F.3d at 1076, or to provide persuasive, specific, and valid reasons for giving less weight to a VA determination of disability. Id. See Allen v. Astrue, 2012 WL 234629, *4 (C.D. Cal. Jan. 23, 2012)("The ALJ stated simply she was not bound by [the VA's] disability finding. This is not a persuasive, specific and valid reason for rejecting the VA's finding of disability."). The ALJ's rejection of the VA's disability determination based on her finding that the criteria for determining disability under the VA program and the Social Security Act are different and that the percentage of disability is not indicative of any specific limitations on Plaintiff's abilities to perform work-related activity are not persuasive, specific and valid reasons for rejecting the VA's determination. The ALJ also stated that the VA's finding that Plaintiff had a GAF score to 30 was not consistent with the medical records as of the onset date of disability but failed to explain why the VA's finding was inconsistent with the record before the VA or why the GAF score was not relevant to a determination of disability or cite to any authority supporting her assertion that a GAF score of 30 requires hospitalization. See also Marulis v. Colvin, 2015 WL 1021117, *16 (E.D. March 9, 2015)("GAF scores are unreliable indicators of a claimant's ability to perform sustained work, as they are 'merely a snapshot in time' that may or may not be supported by the overall medical record.")(citation ommitted); Deck v. Colvin, 2014 WL 7388792, *1 (9th Cir.)(". . . [T]he [GAF] score is used for treatment purposes and not for rating a person's ability to work."); McFarland v. Astrue, 288 Fed.Appx. 357, 359 (9th Cir. 2008)("The Commissioner has determined the GAF scale 'does not have a direct correlation to the severity

requirements in [the Social Security Administration's mental disorders listings.'")(citation omitted).

Therefore, the ALJ failed to provide a persuasive, specific and valid reason for giving little weight to the VA's disability determination.

**D.   Remand Is Warranted**

The decision whether to remand for further proceedings or order an immediate award of benefits is within the district court's discretion. Harman v. Apfel, 211 F.3d 1172, 1175-78 (9th Cir. 2000). Where no useful purpose would be served by further administrative proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. Id. at 1179 ("[T]he decision of whether to remand for further proceedings turns upon the likely utility of such proceedings."). However, where, as here, the circumstances of the case suggest that further administrative review could remedy the Commissioner's errors, remand is appropriate. McLeod v. Astrue, 640 F.3d 881, 888 (9th Cir. 2011); Harman v. Apfel, supra, 211 F.3d at 1179-81.

Since the ALJ failed to provide a proper reason for giving little weight to the Department of Veteran's Affairs' disability determination, remand is appropriate. Because outstanding issues must be resolved before a determination of disability can be made, and "when the record as a whole creates serious doubt as to whether the [Plaintiff] is, in fact, disabled within the meaning of Social Security Act," further

administrative proceedings would serve a useful purpose and remedy defects. <u>Burrell v. Colvin</u>, 775 F.3d 1133, 1141 (9th Cir. 2014)(citations omitted).[5]

**ORDER**

For the foregoing reasons, the decision of the Commissioner is reversed, and the matter is remanded for further proceedings pursuant to Sentence 4 of 42 U.S.C. § 405(g). On remand, the ALJ should make sure the record is fully developed with respect to all records relevant to the VA's disability determination

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: March 9, 2016

　　　　　　　　　　　　　　　　　　　　/s/
　　　　　　　　　　　　　　　　ALKA SAGAR
　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

---

[5] The Court has not reached any other issue raised by Plaintiff except insofar as to determine that reversal with a directive for the immediate payment of benefits would not be appropriate at this time. "[E]valuation of the record as a whole creates serious doubt that Plaintiff is in fact disabled." <u>See</u> <u>Garrison v. Colvin</u>, 759 F.3d 995, 1021 (2014). Accordingly, the Court declines to rule on Plaintiff's claims that the ALJ failed to properly reject the mental function limitations assessed by her treating psychologist, Dr. Messinides, examining psychologist, Dr. Cleary, and examining psychiatrist, Dr. Aguilar (<u>see</u> Joint Stip. at 6-21), and that the ALJ failed to properly reject the physical function limitations assessed by Plaintiff's examining psychiatrist, Dr. Cragg  (<u>see</u> Joint Stip. at 6, 26-29). Because this matter is being remanded for further consideration, these issues should also be considered on remand.